the premises. The 31st day of March, 1894, was the first time that plaintiff knew the rent was in arrears. This action was commenced April 6, 1894. A preliminary injunction was obtained enjoining defendant from removing plaintiff's personal property from the premises. This injunction was vacated at Special Term. The General Term on appeal reinstated the injunction (78 Hun, 443). The Court of Appeals reversed the General Term, and vacated the injunction again (144 N. Y. 135), but merely on the ground that there was no necessity for such an injunction even if the plaintiff was entitled to the relief asked for in the action, and that the property could otherwise be preserved during the pendency of the action. The merits of the claim were not passed upon by the Court of Appeals at all. The General Term did, however, consider the merits, and the views expressed by that court led the trial court to make the decision and judgment appealed from here. We agree entirely with the views expressed by the General Term, and it is unnecessary to add anything to the discussion there had of the rights of the parties. The court erred in granting the extra allowance of one hundred dollars in the decision as made. There was no proof given of the value of the subject-matter involved in the action, the lease, which could be made the basis for computing such allowance. (*Heilman* v. *Lazarus*, 90 N. Y. 672.) The judgment, however, does not show that the costs included such allowance, and there was no order granting it, aside from the clause in the decision. There is no basis, therefore, for a modification of the judgment in that respect. The judgment appealed from is right and should be affirmed, with costs. Van Brunt, P. J., Patterson and O'Brien, JJ., concurred; Ingraham, J., dissented.

Ingraham, J. (dissenting): The difficulty attending the decision of this case, and the uncertainty as to the right of the plaintiff to recover, and as to just what relief it was entitled to, appears to have been caused by the manner in which the complaint was framed, as nobody yet appears to have been satisfied as to just the theory upon which the plaintiff asks for any relief. The facts alleged are, that the defendant, being the *owner of certain property which he had* leased, and upon which lease this plaintiff had a lien, obtained possession of the property and refused to recognize the plaintiff's right to possession as mortgagee of the lease. In this condition the plaintiff asks a court of equity to interfere by a mandatory injunction to put it into possession of the premises of which it never had possession, the right to the possession of which depends upon a mortgage upon a lease which has never been foreclosed, thus allowing an action in equity to be commenced to recover the possession of real estate, instead of leaving the plaintiff to its action of ejectment. No case is cited by which a court of equity has ever thus interfered to put a person in possession of real property. When a lessee, or one claiming the right to occupy that relation, is in possession of property, courts of equity have interfered to prevent that possession from being disturbed, either by the landlord or any other person; but this plaintiff never was in possession; never demanded possession of the property from the mortgagor, and, so far as appears, never demanded possession of the property until the landlord had resumed possession. I know of no proceedings that can, by the use of a mandatory injunction, thus take the place of an action of ejectment, to recover the possession of real property by one who

is out of possession, and who has never had such possession. I do not understand that either the decision of the late General Term or of the Court of Appeals has held that such an action can be maintained. It is evident from the opinion delivered at the General Term that the court was extremely doubtful as to the nature of the action; and certainly the views expressed by the Court of Appeals upon this complaint do not tend to remove that doubt. If this defendant refused to recognize the plaintiff as his tenant and refused to give it the possession of the leased premises, the plaintiff had either its action of ejectment to recover the possession of the premises or its action against the landlord for damages. It does not seem to me that in addition it could get possession of the property through means of a mandatory injunction. I think, therefore, that there was no cause of action either alleged or proved in equity, and that the complaint should have been dismissed.

The London Assurance Corporation, Appellant, v. Walter Selvage, Respondent.— Judgment reversed, without costs, and judgment ordered for plaintiff as directed in opinion.— Appeal from judgment entered upon report of a referee.—

Per Curiam: The question presented in this case is substantially the same as that presented in the case of *London Assurance Corporation* v. *Thompson* (*ante* p. 64). For the reasons assigned for the decision in that case, the judgment appealed from is reversed and judgment directed for the plaintiff against the defendant for his share of one-sixteenth of the value of the turpentine in the sheds of Downing & Co. at Brunswick, Ga., destroyed by fire and which was covered by the policy issued by the plaintiff, such amount to be ascertained upon the settlement of the judgment upon this appeal. Present— Van Brunt, P. J., Rumsey, Patterson, O'Brien and Ingraham, JJ.

The London Assurance Corporation, Appellant, v. James W. Patterson, Respondent.— Judgment reversed, without costs, and judgment ordered for plaintiff as directed in opinion.— Appeal from judgment entered upon report of a referee.—

Per Curiam: The question presented in this case is substantially the same as that presented in the case of *London Assurance Corporation* v. *Thompson* (*ante* p. 64). For the reasons assigned for the decision in that case, the judgment appealed from is reversed and judgment directed for the plaintiff against the defendant for his share of one-sixteenth of the value of the turpentine in the sheds of Downing & Co. at Brunswick, Ga., destroyed by fire and which was covered by the policy issued by the plaintiff, such amount to be ascertained upon the settlement of the judgment upon this appeal. Present— Van Brunt, P. J., Rumsey, Patterson, O'Brien and Ingraham, JJ.

The London Assurance Corporation, Appellant, v. Eugene D. Miller, Respondent.— Judgment reversed, without costs, and judgment ordered for plaintiff as directed in opinion. — Appeal from judgment entered upon report of a referee.—

Per Curiam: The question presented in this case is substantially the same as that presented in the case of *London Assurance Corporation* v. *Thompson* (*ante*, p. 64). For the reasons assigned for the decision in that case, the judgment appealed from is reversed and judgment directed for the plaintiff against the defendant for his share of one-sixteenth of the value of the turpentine in the sheds of Downing & Co. at Brunswick, Ga., destroyed by fire and which was covered by the policy issued by the plaintiff,